**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7025**

MIKEL CHRISTIAN,

        Plaintiff - Appellant,

    v.

JOHN MAGILL, S.C.D.M.H., in his individual and official capacity; HOLLY
SCATURO, Director - S.V.P.T.P, in her individual and official capacity;
KIMBERLY POHOLCHUK, Program Coor. S.V.P.T.P, in her individual and
official capacity; WARDEN STEVENSON, Warden, BRCI, in his individual and
official capacity,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Rock
Hill. David C. Norton, District Judge. (0:15-cv-03379-DCN)

Submitted: November 30, 2017                 Decided: February 8, 2018

Before GREGORY, Chief Judge, and DIAZ and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mikel Christian, Appellant Pro Se. David Allan DeMasters, DAVIDSON &
LINDEMANN, PA, Columbia, South Carolina; Eugene Matthews, RICHARDSON
PLOWDEN & ROBINSON, PA, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mikel Christian is civilly committed to the South Carolina Department of Mental Health (SCDMH) pursuant to the South Carolina Sexually Violent Predator Act. *See* S.C. Code Ann. §§ 44-48-10 to -170 (2017). Christian and other residents of the Sexually Violent Predator Treatment Program (SVPTP) are housed at the Broad River Correctional Institution (BRCI), a facility run by the South Carolina Department of Corrections (SCDC).

Christian filed a 42 U.S.C. § 1983 (2012) action in district court, alleging numerous constitutional violations in connection with the living conditions, food safety, disciplinary policies, and other aspects of his confinement in the SVPTP. In an order dated September 19, 2016, the district court adopted the magistrate judge's first report and recommendation in part and granted summary judgment as to all but two claims. Christian's two remaining claims were: (1) a claim against Robert Stevenson, Warden of BRCI; John Magill, Director of SCDMH; and Holly Scaturo, Director of SVPTP, in their individual and official capacities, alleging that the food at the facility was frequently contaminated with foreign objects; and (2) a claim against all four Defendants in their official capacities alleging that Christian had been punished without a hearing for a disciplinary violation. On remand to the magistrate judge, the Defendants filed renewed motions for summary judgment with additional evidence. In an order dated July 31, 2017, the district court adopted the magistrate judge's second report and recommendation

2

and granted Defendants' renewed motions for summary judgment. Christian timely appealed.[*] We affirm.

We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted). To survive a summary judgment motion, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Because Christian is civilly committed as a resident of the SVPTP, he is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982). While incarcerated prisoners are entitled to a certain level of care under

---

[*] Christian limits his appeal to the rulings in the district court's July 31, 2017, order. Because Christian does not challenge any of the rulings in the district court's September 19, 2016, order, he has waived their review. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

the Eighth Amendment, individuals who have been civilly committed are entitled to certain care under the Due Process Clause of the Fourteenth Amendment. *Patten v. Nichols*, 274 F.3d 829, 836-37 (2001); *see also Youngberg*, 457 U.S. at 315-16. Among those due process rights to which civilly committed individuals are entitled is a right to safe and adequate food. *Youngberg*, 457 U.S. at 324 (noting that "adequate food, shelter, clothing, and medical care . . . are the essentials of the care that the State must provide" to involuntarily committed individuals). Under the Due Process Clause, liability for the treatment of civilly committed individuals cannot be imposed for mere negligence; it can only be imposed when "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323; *see also Patten*, 274 F.3d at 842.

We first examine Christian's food safety claim. Despite evidence that there have been multiple reports of food contamination on the SVPTP unit, Christian has not established a genuine issue of material fact sufficient to overcome summary judgment. Viewing the evidence in the light most favorable to Christian, as we must, the Defendants' actions were within the realm of accepted professional judgment under the circumstances. *See Youngberg*, 457 U.S. at 323. "The substantive component of the [D]ue [P]rocess [C]lause protects against only the most egregious, arbitrary governmental conduct—that is, conduct that can be said to shock the conscience." *Patten*, 274 F.3d at 834 (brackets and internal quotation marks omitted). The requisite analysis is not whether the Defendants could have taken more or better action, but whether their

4

decision was "so completely out of professional bounds as to make it explicable only as an arbitrary, nonprofessional one." *Id.* at 845 (internal quotation marks omitted)). Even if the remedial action of the Defendants was not ultimately effective, as long as their actions "exhibit[] both professional concern and judgment" they are "sufficient to satisfy the requirements of *Youngberg*." *Id.* at 844.

In this case, the Defendants provided extensive, unrefuted evidence that they took reasonable steps in response to reported incidents of food contamination, specifically that they increased the number of employees inspecting each food tray destined for SVPTP, that they began locking the food carts and beverage containers before transport to SVPTP, and that, if contaminated food was discovered, it was promptly replaced. Christian argued that there were still incidents of food contamination after the Defendants' remedial actions, but he did not refute the Defendants' claims that such remedial actions were taken. Accordingly, the district court did not err in granting summary judgment on this claim.

We next turn to Christian's prehearing punishment claim. As an initial matter, we affirm the district court's order granting Stevenson's renewed motion for summary judgment as to this claim because Christian did not contest this recommendation in his objections to the magistrate judge's report and recommendation, or in his informal brief to this court. *See Martin v. Duffy*, 858 F.3d 239, 245-46 (4th Cir. 2017) ("In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." (internal quotation marks

5

omitted)), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Sept. 25, 2017) (No. 17-539); *see also* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

We also agree that the district court was correct to grant summary judgment on this claim in favor of the remaining defendants. Evaluating Christian's due process claim requires two inquiries: whether Christian's placement in Therapeutic Room Restriction (TRR) implicated a liberty interest triggering procedural due process requirements, and if so, whether the procedures afforded Christian satisfied those rights. *See Dilworth v. Adams*, 841 F.3d 246, 250-51 (4th Cir. 2016).

The district court erred in its analysis of the first question here by applying the standard set forth in *Sandin v. Conner* to determine whether Christian's liberty interests were implicated. *See Sandin*, 515 U.S. 472, 484 (1995) (explaining that liberty interests of convicted prisoners are limited to freedom from restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Rather, as we concluded in *Dilworth* with respect to pretrial detainees, civilly committed individuals are similarly entitled to procedural due process protections in connection with any punishment imposed on them. 841 F.3d at 251; *see also Bell v. Wolfish*, 441 U.S. at 535-37. Here, Christian was placed in TRR pending a disciplinary hearing as punishment for his violations of SVPTP rules and is therefore entitled to due process.

Turning to the next inquiry (whether Christian was in fact afforded due process), we find that he was. The realities of maintaining order and safety on the SVPTP ward "require some amount of flexibility in the due process inquiry." *Dilworth v. Adams*, 841 F.3d 251, 253 (4th Cir. 2016) (noting that due process permits prisons and jails to "place inmates

6

charged with disciplinary infractions in 'administrative segregation' pending their disciplinary hearings, allowing both prison officials and inmates time to investigate and prepare for those hearings."). Because Christian received a disciplinary hearing a few days after his placement on TRR, prior to the final imposition of the disciplinary action, we conclude that the actions of the SVPTP were not so egregious as to violate any right to due process that Christian possessed.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*